FARMERS & MERCHANTS INSURANCE COMPANY OF LINCOLN, NEBRASKA, v. ASHER D. WARNER.

FILED JANUARY 21, 1904. No. 13,330.

Insurance: OPTION TO REPAIR. Where a policy of insurance contains a clause permitting the company to repair an injured building instead of paying the damages sustained in money, its option to repair to be exercised within 60 days from the receipt of proof of loss, and where the company by its conduct waives the proof of loss stipulated by the policy, in such case, the option to repair must be made within 60 days from the date of its waiver of proof of loss.

ERROR to the district court for Boone county: JAMES N. PAUL, JUDGE. *Affirmed.*

*Halleck F. Rose,* for plaintiff in error.

*J. S. Armstrong* and *M. W. McGan, contra.*

DUFFIE, C.

This suit was brought to recover for a loss under a tornado policy for $1,800 written upon a barn. The policy contains the following stipulation: "It is provided further that it shall be optional with the company to repair, rebuild or replace the property lost or damaged with other of like kind or quality within a reasonable time, giving notice of their intention so to do within 60 days after re-

ceipt of proofs herein required; and, in case this company elects to rebuild, the insured shall, if required, furnish plans and specifications of the building destroyed." The loss occurred July 5, 1902. Warner notified the company's local agent, who gave notice to the company of the loss, and on July 17 or 18 a special agent or adjuster of the company visited the premises and attempted to make a settlement of the loss. Warner communicated to this adjuster all the information he possessed concerning the building and the loss, whereupon the adjuster filled out formal proofs of loss which he requested Warner to sign, but as the proof of loss so made out by the adjuster contained a clause acknowledging payment in full of the loss in the sum of $1,500, Warner refused to sign it and requested that the agent furnish him with blanks upon which to make proofs of loss, which was refused. Further negotiations between Warner and the company were had, and on October 9, 1902, the following letter was addressed by the secretary of the company to defendant in error:

"*A. D. Warner, St. Edward, Nebraska.*—DEAR SIR: We have just received a communication from our Mr. Burr stating that you were willing that Mr. Lawrence or some reliable contractor should rebuild the barn destroyed by wind some short time ago. We have consulted Mr. Lawrence, who is present while this is being dictated, and he states that he will be perfectly willing to accept the proposition to rebuild the barn for $1,500, using the salvage which was left and which he has a list of. So kindly accept this as notice that we will proceed as soon as possible to rebuild this barn as near as possible as it was before the catastrophe. Kindly advise us if this proposition is accepted by you by return mail and oblige. Of course we would prefer to be rid of the annoyance necessary to the rebuilding of this and would be willing in lieu thereof to allow $1,500 in cash. However you seem adverse to accept this and we will proceed as above.

"Yours very truly,

"L. P. FUNKHOUSER, *Secretary.*"

October 15, 1902, Mr. Warner replied as follows:

"Replying to your letter of recent date I will say that under no circumstances will I accept your proposition of $1,500 in cash. I further say, as I have told each of your representatives, I would gladly have you rebuild my barn providing it is built under the terms of the policy, viz., built under the same plans and specifications as the old barn was built, out of new material equally as good as that which was in the old barn, and constructed by competent mechanics, providing the same can be done and completed within 30 days. This will close the matter so far as I am concerned and further correspondence upon the proposition will be unnecessary.

"Very truly yours,        . A. D. WARNER."

Some 6 days after the date of this letter one Swanson, with a force of men, went to the site of the insured barn for the purpose of restoring it, but Warner, upon being informed that Swanson proposed to use some of the original material in the barn in rebuilding the same, refused to let him proceed, and in its answer the company claimed damage in the sum of $100, on account of payment made to Swanson and the men employed by him, for the time spent in going to the premises and returning therefrom, and expenses of the trip. In the petition filed Warner claimed that the building had been entirely destroyed and that he was entitled to recover the full amount of the policy. The company controverted this claim, alleging in its answer that the building was not totally destroyed within the meaning of our insurance laws and that under its policy it had a right to rebuild. Plaintiff in error in its brief cites authorities to the effect that, under the valued policy law of this state, the company has the option to rebuild where the loss is not total, where the policy contains a condition similar to the one in suit, and complaint is made of the sixth instruction given by the court in the following language: "You are further instructed that the burden of proof is on the defendant herein to prove by a

preponderance of the evidence that a subsequent contract to rebuild the building was entered into other than that mentioned under the terms of the policy and that it complied with all the terms and conditions of said subsequent contract." This instruction, it is said, took from the jury any right to consider the claim made by the company that it had a right under the policy to rebuild if it elected so to do. In other words, it is urged that the court refused to allow the jury to consider any evidence of the claimed right of the company to exercise its election to rebuild instead of paying the actual damage suffered if the building was not totally destroyed. Conceding this to be true, we do not think that the company was in any wise prejudiced thereby. Under the holding in *Home Fire Ins. Co. v. Hammang Bros. & Co.*, 44 Neb. 566, *Ætna Ins. Co. v. Simmons*, 49 Neb. 811, and in other cases referred to in these instructions, we are compelled to hold that, when the company sent its adjuster to the premises to make an examination, and ascertained for itself the amount of the loss and the cause thereof in response to a request from Warner, it was a waiver of any formal proof of loss which by the terms of the policy were required to be made by Warner. This occurred on the 17th or 18th of July. No election to rebuild was made by the company until October 9, more than 60 days after this waiver, and consequently not within the time when its election to rebuild could be made. An examination of the record discloses that, while the letters above set forth were not pleaded as a contract between Warner and the company for rebuilding the barn, it is evident the company assumed the attitude on the trial of the case that such a contract did exist, and the court, out of abundant caution and that the jury might not be misled, gave the sixth instruction of which plaintiff in error now complains. We are also firmly impressed with the conviction that the jury, as it well might from the evidence, found that the loss was total and that the insured was entitled to recover the full amount of the policy. In its fourteenth instruction the

court directed the jury as follows: "You are instructed that if you should find from a preponderance of all the evidence in this case that the building insured was not wholly destroyed as in these instructions defined, then and in that case the plaintiff will not be entitled to any sum in excess of actual and immediate loss or damage to the barn at the time of the tornado, with interest on said amount at the rate of seven per cent. from the 5th day of July, 1902." This instruction is in exact accord with instruction numbered 1 asked by the plaintiff in error, and is a full answer to the complaint now made, that the court refused to accept the theory of the plaintiff in error that it was liable only for the actual damage done by the storm in case the building was not totally destroyed. The case was not, perhaps, tried strictly upon the issues made by the pleadings, but we do not discover any prejudicial error which calls for a reversal of the judgment and therefore recommend its affirmance.

LETTON and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.